Filed 10/10/24  P. v. Gary CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RICKEY LYNN GARY,<br><br>    Defendant and Appellant. | B330533<br><br>(Los Angeles County<br>Super. Ct. No. YA001887) |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

William L. Heyman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior

Assistant Attorney General, Zee Rodriguez, Supervising Deputy Attorney General, and Charles S. Lee, Deputy Attorney General, for Plaintiff and Respondent.

* * * * * *

Rickey Lynn Gary (defendant) argues that he is entitled to a hearing under *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*) in anticipation of a future youth offender parole hearing under Penal Code section 3051, even though he is ineligible for relief under section 3051 because he was 19 years old when he committed the crime and was sentenced to prison for life without the possibility of parole (LWOP).[1]  Specifically, defendant argues that the statute's denial of relief to young offenders sentenced to LWOP violates equal protection and constitutes cruel and unusual punishment.  Precedent either forecloses or counsels strongly in favor of rejecting his arguments. We accordingly affirm.

## FACTS AND PROCEDURAL BACKGROUND

I. **Facts[2]**

A. *The underlying crimes*

In June 1989, defendant and Richard Henry Ponton (Ponton) robbed an Arco gas station in Redondo Beach, California.  The station manager was shot four to six times, and

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

[2]    We draw these facts from our prior unpublished appellate opinion in *People v. Gary* (Jan. 13, 2022, B310296), which was drawn in turn from our prior unpublished opinion affirming defendant's convictions (*People v. Gary* (Mar. 26, 1993, B055726)).

died from his wounds.  Defendant and Ponton made away with $2,500.

### B.  *Prosecution, conviction and appeal*

A jury convicted defendant (and Ponton) of second-degree robbery (§ 211) and the murder of the station manager (§ 187). The jury also found true the special circumstance allegation that defendant committed the murder during the course of the robbery (§ 190.2, subd. (a)(17)).  As to both crimes, the jury also found true the allegations that defendant "personally used a firearm" (former § 12022.5) and that "a principal . . . was armed" during those crimes (§ 12022, subd. (a)).  The trial court sentenced defendant to life without the possibility of parole for the murder plus seven years for the robbery.  Defendant appealed, and this division affirmed his convictions and sentence in an unpublished opinion.

## II.  Procedural Background

In October 2022, defendant filed a writ of habeas corpus in the trial court.  Among other claims, defendant requested a *Franklin* hearing because he was under 25 years of age at the time of his crimes.  In March 2023, the trial court denied defendant's petition, reasoning that he was not entitled to a *Franklin* hearing because he was "statutorily ineligible for youth offender parole by the plain language of section 3051, subdivision (h)."

Defendant filed this timely appeal.[3]

---

[3]     Because defendant is challenging the denial of his noncapital habeas petition, the proper vehicle for review is not an appeal but rather a separate habeas petition filed in this court. (*People v. Gallardo* (2000) 77 Cal.App.4th 971, 983.)  However, we have the discretion to overlook defendant's procedural misstep

**DISCUSSION**

Defendant argues that he is entitled to a so-called *Franklin* hearing. In *Franklin, supra*, our Supreme Court held that defendants eligible for a youth offender parole hearing under section 3051 at some point in the future are entitled to an evidentiary hearing *now* to preserve youth-related mitigation evidence. (63 Cal.4th at pp. 283-284; *In re Cook* (2019) 7 Cal.5th 439, 449.) Thus, a defendant is entitled to a *Franklin* hearing only if, as a threshold matter, he is entitled to a youth offender parole hearing under section 3051. In its current iteration, that statue entitles defendants who were 25 or under at the time of their crimes to a "youth offender parole hearing" during the 15th, 20th, or 25th year of their incarceration (depending on the severity of the offense). (§ 3051, subds. (a) & (b).) But not *every* defendant may invoke section 3051; as relevant here, section 3051 does not apply to persons sentenced to LWOP for crimes they committed "after [they] had attained 18 years of age." (§ 3051, subd. (h).) Because defendant was 19 years old when he committed the crimes in this case and received an LWOP sentence, he is not eligible for relief under the plain terms of section 3051 (and hence not entitled to a *Franklin* hearing). Defendant thus urges that section 3051's statutory bar violates equal protection and constitutes cruel and unusual punishment. We review these constitutional challenges de novo. (*In re Taylor* (2015) 60 Cal.4th 1019, 1035.)

I.     **Equal Protection**

Defendant makes two equal protection challenges.

---

by construing his appeal as a habeas petition. (*People v. Hodges* (2023) 92 Cal.App.5th 186, 190.)

First, he argues that our Legislature acted irrationally—and thus violated equal protection—by allowing young adults (ages 18 to 25) who received sentences *other than LWOP* to obtain relief under section 3051 while denying such relief to young adults *sentenced to LWOP*. Our Supreme Court squarely rejected that argument in *People v. Hardin* (2024) 15 Cal.5th 834 (*Hardin*), reasoning that our Legislature could rationally "assign[] significance to the nature of the underlying offenses and accompanying sentences." (*Id.* at pp. 839, 852-855.)

Second, defendant argues that our Legislature acted irrationally—and thus violated equal protection—by allowing *juveniles* sentenced to LWOP to obtain relief under section 3051 while denying such relief to *young adults* sentenced to LWOP. Although *Hardin* did not address this argument, the weight of Court of Appeal precedent has rejected this argument, reasoning that our Legislature could rationally treat offenders differently depending on whether they were juveniles or adults. (E.g., *People v. Sands* (2021) 70 Cal.App.5th 193, 204; *In re Murray* (2021) 68 Cal.App.5th 456, 464; *People v. Morales* (2021) 67 Cal.App.5th 326, 347; *People v. Jackson* (2021) 61 Cal.App.5th 189, 196-197; *People v. Acosta* (2021) 60 Cal.App.5th 769, 779; accord, *Miller v. Alabama* (2012) 567 U.S. 460, 471 ["children are constitutionally different from adults for purposes of sentencing"]; *Roper v. Simmons* (2005) 543 U.S. 551, 574 ["The age of 18 is the point where society draws the line for many purposes between childhood and adulthood"].) We agree with these cases.

## II.    Cruel and/or Unusual Punishment

In arguing that his LWOP sentence constitutes cruel and unusual punishment, defendant seems to acknowledge that imposing an LWOP sentence on an adult for a murder is not

inherently cruel and/or unusual; instead, he argues that his LWOP sentence *became* cruel and/or unusual once the Legislature granted other similar defendants relief under section 3051. As phrased, this appears to be little more than an equal protection argument dressed up in Eighth Amendment clothing; yet it is meritless no matter what garb it is wearing.

To the extent defendant is also making a more typical cruel and/or unusual punishment argument, it also lacks merit. Both the federal prohibition on "cruel *and* unusual punishment" contained in the Eighth Amendment and the state prohibition on "cruel *or* unusual punishment" enshrined in our Constitution (Cal. Const., art. I, § 17, italics added) bar sentences that are "grossly disproportionate" to the crime (the federal parlance) or "so disproportionate . . . that it shocks the conscience and offends fundamental notions of human dignity." (*Ewing v. California* (2003) 538 U.S. 11, 20; *Harmelin v. Michigan* (1991) 501 U.S. 957, 996-997 (conc. opn. of Kennedy, J.); *People v. Boyce* (2014) 59 Cal.4th 672, 721.) Applying this disproportionality principle, our Supreme Court held in *People v. Flores* (2020) 9 Cal.5th 371, 429 that a death sentence was not unconstitutionally disproportionate for a homicide committed by 18- to 21-year-olds. If a death sentence for young adults in this age range is not disproportionate, then a lesser sentence of LWOP for young adults in the same age range is not. (Accord, *In re Williams* (2020) 57 Cal.App.5th 427, 439.) Defendant argues that most of this precedent focuses on the federal, Eighth Amendment standard rather than California's standard, but both standards turn on proportionality and defendant provides no basis for interpreting proportionality differently in the context of this case.

**DISPOSITION**

The order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.

HOFFSTADT


We concur:


_____, P. J.

LUI


_____, J.

CHAVEZ